UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVA J. SZILLERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-62-B-W |
| | ) |
| CAREER SYSTEMS DEVELOPMENT | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION

Eva Szillery has brought a complaint against her former employer, Career Systems Development Corporation and the Penobscot Job Corps Academy[1], alleging employment discrimination based upon her national origin. Szillery is Hungarian and she says two of her American-born colleagues were not terminated from employment, but that she was. Szillery claims that the reason for her termination was her national origin. Szillery was granted leave to proceed in forma pauperis, although her financial situation warranted that she make small monthly payments toward the filing fee. She has failed to make those payments as ordered, but in light of this recommended decision, I see no reason for this court to pursue that issue.

On April 3, 2008, the defendants filed a motion to dismiss or stay the action and to compel arbitration. Szillery has failed to respond to the motion. The motion is accompanied by a dispute resolution and arbitration policy adopted by the employer, and most significantly, signed by Szillery on February 5, 2007. (Docket No. 6 Ex. 1.) The Court's consideration of a motion to compel arbitration involves the determination of whether there is an agreement to arbitrate, whether the dispute in question falls within the scope of that arbitration agreement, and

---

[1] The two defendants are represented by the same counsel and the motion to dismiss informs that Career Systems Development Corporation operates the Penobscot Job Corps Academy.

whether the party seeking arbitration has waived the right to compel arbitration. Bangor Hydro-Electric Co. v. New England Tel. & Tel. Co., 62 F.Supp.2d 152, 155 (D. Me. 1999) (citing Brennan v. King, 139 F.3d 258, 263-67 (1st Cir. 1998)).  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co., 774 F.2d 524, 528 (1st Cir. 1985) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)).  All doubts concerning the scope of arbitrable issues are resolved in favor of arbitration.  Id. "However, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Large v. Conseco Fin. Servicing Corp., 292 F.3d 49, 52 (1st Cir. 2002) (citing McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994)).  A motion to compel arbitration will be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  See Unionmutual Stock Life Ins. Co. Of Am., 774 F.2d at 528.

     Because Szillery's claims are brought under Title VII, the First Circuit requires an additional inquiry as to whether an agreement to arbitrate was appropriate under the particular federal statutory framework.  Skirchak v. Dynamics Research Corp., 508 F.3d 49, 58-59 (1st Cir. 2007) ("Under Title VII and the ADA, we have applied an independent federal scrutiny of the adequacy of the notice of waiver of judicial rights because in the language of these statutes Congress referred to 'appropriate' waivers."). In Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., the First Circuit determined that "Title VII of the Civil Rights Act of 1964, as amended by the 1991 CRA, does not, as a matter of law, prohibit pre-dispute arbitration agreements," as there is "no conflict between the language or purposes of Title VII, as amended, and arbitration." 170 F.3d 1, 7-8 (1st Cir. 1999).  So long as the claimant's waiver of a judicial

forum is "appropriate," therefore, there is no prohibition in this circuit against compelling the arbitration of employment discrimination claims in accordance with the terms of the parties' agreement.

The facts of this case support dismissal of the matter in favor of the arbitration agreement between the parties. First, there is an unequivocal agreement to arbitrate set forth in the Dispute Resolution Policy presented to Szillery as a condition of her acceptance of employment. She signed the Policy on February 5, 2007, the very day she began her employment with CSDC. Second, the terms of the binding arbitration provision of the Policy easily encompass the claim of employment discrimination she has alleged in her complaint. Indeed, the agreement specifically mentions both national origin discrimination claims and Title VII claims, and it employs the broadest possible language to describe the scope of claims required to be arbitrated by the parties. Szillery has never responded to the motion to dismiss claiming that she did not know of the arbitration policy or that some other facts exists which should prevent this court from enforcing the policy. In these circumstances the policy should be enforced.

## Conclusion

Based upon the foregoing, I recommend the court grant the motion to dismiss (Docket No. 6). If Ms. Szillery intends to pursue this complaint, she should first proceed with the arbitration. I also order that my prior order for payment of the filing fee on an installment basis is vacated.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 29, 2008