UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVA J. SZILLERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-08-62-B-W |
| | ) | |
| CAREER SYSTEMS DEVELOPMENT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

Although the Court reaches the merits of the decision over the procedural objections of the Defendants, the Court affirms the magistrate judge's Recommended Decision over the objections of the Plaintiff.

**I.    STATEMENT OF FACTS**

On February 25, 2008, Eva J. Szillery filed a complaint against Career Systems Development Corporation and Penobscot Job Corps Academy, alleging that the Defendants discriminated against her for reason of her national origin in violation of Title VII.[1] 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin . . . ."); *Compl.* ¶ 2 (Docket # 1).  She claimed that the Defendants laid her off from her teaching job due to an alleged lack of work, but retained American born instructors and

---

[1] The Court interprets Ms. Szillery's claim as being one of discrimination based on national origin, but admits some confusion.  The second paragraph of her Complaint attaches a Dismissal and Notice of Rights from the United States Equal Opportunity Commission, which refers to Title VII, the American with Disabilities Act, and/or the Age Discrimination in Employment Act.  *Dismissal and Notice of Rights* (Docket #1-2).  However, it appears that paragraph three of her Complaint limits her claim to discrimination based on national origin.  *Compl.* ¶ 3.

shortly after her dismissal, advertised her position and filled it with American born teachers.  *Id.* ¶¶ 3-5.  On April 3, 2008, the Defendants moved to dismiss or stay the action and to compel Ms. Szillery to submit the claim to arbitration.  *Defs.' Mot. to Dismiss or Stay, and Mot. to Compel Arbitration* (Docket # 6).  Ms. Szillery failed to respond to the motion to dismiss and on April 29, 2008, the magistrate judge issued a recommended decision, recommending that the Court dismiss Ms. Szillery's Complaint, because the claim was subject to an arbitration agreement.  *Recommended Decision* (Docket # 8).  On May 22, 2008, the Court affirmed the Recommended Decision in the absence of any objection and the Court entered Judgment in favor of the Defendants.  *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 9); *J.* (Docket # 10).

On May 23, 2008, Ms. Szillery moved for reconsideration of the Recommended Decision.  *Mot. for Recons.* (Docket # 11).  She claimed confusion as to the date by which the Objection was due and that she was given erroneous advice by this Court's Clerk's Office.  *Id.* at 1-2.  The Defendants objected.  *Defs.' Objection to Pl.'s Mot. for Recons.* (Docket # 12).  On June 12, 2008, Ms. Szillery filed an objection to the Recommended Decision.  *Pl.'s Objection to the Mot. to Dismiss* (Docket # 13) (*Pl.'s Obj.*).  On June 13, 2008, the Court granted Ms. Szillery's motion and vacated its Order dated May 22, 2008 and its Judgment.  *Order on Mot. for Recons.* (Docket # 14).

On June 25, 2008, the Defendants filed a response to Ms. Szillery's objection to the Recommended Decision.  *Defs.' Mem. of Law in Resp. to Pl.'s Objection to Recommended Decision* (Docket # 15) (*Defs.' Mem.*).  They point out that Ms. Szillery failed to object to their motion to dismiss and that she objected too late to the Recommended Decision.  *Id.* at 2-3.  They

2

then turn to the merits of the motion to dismiss and argue that the Recommended Decision was correctly decided.  *Id.* at 3-8.

## II.     DISCUSSION

### A.     Procedural Default

The Defendants are annoyed with the Court's decision to allow Ms. Szillery to file a late objection to their motion to dismiss and the magistrate judge's Recommended Decision.  They claim her failure to respond to the motion to dismiss "should be a death knell for any objections raised belatedly on judicial review of the Magistrate's recommended rulings."  *Id.* at 2.  The Defendants press the view that "arguments raised for the first time in an objection to a recommended decision – rather then [sic] in timely opposition to the underlying motion – should be deemed waived."  *Id*. at 2-3.  The Defendants would thus prefer the Court to hold Ms. Szillery to an uncompromising application of its local rules.

How to treat a *pro se* party who violates the court's procedural rules remains among the most difficult areas for the Court to resolve.  The Court promulgated the local rules to control the orderly disposition of its cases and to encourage their expeditious resolution and it has been known to enforce the rules to the letter.  Occasionally, the rules trip up even experienced counsel, but almost invariably they confound *pro se* parties and as unknown deadlines pass, their claims face summary dismissal.  *Pro se* miscues often, as here, provoke righteous demands for punitive punctiliousness by represented parties, in part because the lawyers are acutely aware that if they were to similarly ignore the local rules, their cases would likely suffer a swift and undesirable fate, and it remains true that "parties who obey the rules should not be penalized when their opponents do not."  *Demmons v. Tritch*, 484 F. Supp. 2d 177, 183 (D. Me. 2007).  Further, to treat *pro se* plaintiffs differently from represented parties creates manifest pitfalls.  As

Judge Hornby observed in *Clarke*, judges who review filings "must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented plaintiff or devoting an excessive portion of their time to such cases." *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007).

But, as the number of *pro se* filings continues to rise, there is no single answer to this increasingly frequent dilemma. Sometimes a *pro se* party demonstrates familiarity with the local rules. *See Marcello v. Maine*, 489 F. Supp. 2d 70, 78 (D. Me. 2007). Other times a *pro se* party, often a prisoner, realizes he is out of his depth and urgently petitions for counsel, the appointment of which is a decided rarity in civil cases. *Clarke*, 473 F. Supp. 2d at 125 ("Although the court is authorized to request a lawyer to represent an indigent prisoner under 28 U.S.C. § 1915(e)(1), there are no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses."). Most frequently, the *pro se* party's complaint, again often a prisoner's, is simply "doomed to failure in federal court." *Id.* at 130.

The dilemma is most frequently posed in motions for summary judgment, where the *pro se* plaintiffs remain blissfully ignorant of Local Rule 56 requirements for contesting statements of material fact until it is too late and judgment is issued against them. The judges in this District have repeatedly grappled with the tension between evenly enforcing the rules and working an injustice. *Roundtree v. Fryeburg Academy*, No. 08-01-P-S, 2008 U.S. Dist. LEXIS 44335 (D. Me. June 5, 2008); *Lacadie v. Town of Milford*, No. 07-101-B-W, 2008 U.S. Dist. LEXIS 35987 (D. Me. May 1, 2008); *Austin v. Town of Dexter*, No. 07-28-B-W, 2008 U.S. Dist. LEXIS 24758 (D. Me. Mar. 21, 2008); *Palm v. Sisters of Charity Health Sys.*, 537 F. Supp. 2d 228 (D. Me. 2008); *Dickinson v. Purinton*, No. 06-209-P-S, 2007 U.S. Dist. LEXIS 60421 (D. Me. Aug. 3, 2007); *Demmons*, 484 F. Supp. 2d at 182-84; *Clarke*, 473 F. Supp. 2d at 128-29. For motions for summary judgment, even if the *pro se* plaintiff fails to respond to the statements of material fact,

the court is still required to "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005); *Robinson v. Wright*, 460 F. Supp. 2d 178, 182 (D. Me. 2006); Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, *if appropriate*, be entered against that party.") (emphasis added).

Here, the Court is addressing a motion to dismiss and the United States Supreme Court has cautioned that for purposes of such a motion, it is "settled law that the allegations of [a *pro se*] complaint, however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Instituto de Educacion Univeral Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). But, the Defendants are annoyed that the Court would contemplate addressing the merits of the allegations in the Szillery Complaint. They insist on procedural default. Whether to deem a failure to object a waiver, however, falls within the sound discretion of the Court. *See Robinson*, 460 F. Supp. 2d at 180-82. Parties are rarely successful when they carp about a discretionary decision to the court that has already exercised its discretion.

Here, Ms. Szillery attempted to object to the dismissal of her claim. It is true that she failed to timely respond to the motion to dismiss, but Magistrate Judge Kravchuk reached the merits of the motion to dismiss anyway. Intending to object to the Recommended Decision, because of miscommunication with the Clerk's Office, Ms. Szillery objected one day late. Given these circumstances, the Court allowed her barely late objection and, despite the Defendants' rankling, the Court declines the summary approach they urge. Further, again in these unique circumstances, the Defendants' claim that Ms. Szillery failed to raise specific arguments before the magistrate judge makes little sense. Ms. Szillery failed to raise any arguments before the

magistrate judge; having allowed her late-filed objection, the Court will not now hold that she waived her objection because she failed to object earlier.

In the exercise of its discretion and over the ongoing objections of the Defendants, the Court will address the merits of the argument.

### B. The Arbitration Requirement

The Defendants are clearly entitled to a dismissal of Ms. Szillery's law suit. The Court has made a *de novo* review of all matters adjudicated by the magistrate judge's Recommended Decision and concurs with her recommendations for the reasons set forth in her Recommended Decision. The Court determines no further proceeding is necessary.

In her objection, Ms. Szillery raises two issues the magistrate judge did not reach: (1) Ms. Szillery argues that the Defendants waived arbitration before the EEOC; and, (2) that they violated their own internal procedures. *Pl.'s Obj.* at 1-3. Neither argument holds water. Both the Plaintiff and the Defendants made claims based on documents not properly before the Court on a motion to dismiss.[2] Without the documents, there is no allegation in the Complaint that refers to a waiver of arbitration before the EEOC and although the Complaint alleges that the Defendants violated their own procedures and regulations, there is no nexus between this allegation and the arbitration requirement.

### III. CONCLUSION

The Court affirms the magistrate judge's Recommended Decision (Docket # 8) and GRANTS the Defendants' Motion to Dismiss. The Plaintiff's Complaint is hereby DISMISSED without prejudice.

---

[2] In her objection and their response, the parties simply attached exhibits they contend the Court should review. It is questionable whether these exhibits are properly considered under *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993), and whether they have been properly placed before the court. *Clark v. Inhabitants of Palermo*, Civil No. 07-134-B-W, 2007 U.S. Dist. LEXIS 95152, at *7-8 (D. Me. Dec. 28, 2007).

    SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2008